January Term, 1861.

CROFT v. MEAD et al.

---

CROFT vs. MEAD, impleaded with BUNSTER and others.

Where the person beneficially interested was a resident defendant, and was served with process and appeared and made defense, her trustee, who was a non-resident defendant and served only by publication, will not be let in to make the same defense over again, on an application after judgment, in pursuance of section 10, chap. 124, R. S. 1858.

That section was designed for the benefit of defendants who had had no real opportunity to defend for want of actual knowledge of the suit; and not to enable one who had had full opportunity, and had made defense, to litigate the same matters over again through an absent trustee.

APPEAL from the Circuit Court for *Jefferson* County.
*Knowlton, Prichard & Jackson*, for appellants.
*Williams & Patterson*, for respondent.

April 10.

*By the Court*, PAINE, J. This action was originally brought by the respondent to foreclose a mortgage. A. Hyatt Smith and Ann M. C. Smith, his wife, were made parties, and appeared, answered and litigated the suit, which was decided against them on appeal to this court. The appellant *Mead* was made a party as trustee of Ann M. C. Smith, and being a non-resident, was properly served by

publication, and the complaint taken as confessed against January Term, 1861.
him. After the final decision of this court against the defense set up by Smith and wife, and after the cause had CROFT v. MEAD et al.
been remanded to the circuit court, *Mead*, as such trustee, made an application to be let in and defend the suit, as an absent defendant served only by publication, in pursuance of the provisions of sec. 10, chap. 124, R. S., 1858. That section provides that where the summons is not personally served, nor received through the post office, the defendant *shall*, on application and sufficient cause shown, be allowed to appear and defend at any time before judgment; and that he *may* be so allowed, except in actions of divorce, at any time within one year after notice of the judgment, and within three years from its rendition.

We think it a sufficient answer to this application, to say that the very matters which the appellant now seeks to set up as a defense, were set up in the answer of Ann M. C. Smith, and fully litigated by her in her own behalf. This occurred in a court of equity, which would fully protect the rights of the *cestui que trust*, whether litigated by herself or her trustee. The decision was against her upon the merits, and this application, if granted, would only enable that to be litigated over again for her benefit, which has once been fully and finally litigated by herself.

The statute was not designed to accomplish such a result. The object was to allow those who really had had no opportunity to defend their rights, for want of actual knowledge of the suit, to have such opportunity, upon just terms, within a reasonable time after judgment. Where the person beneficially interested was actually served, and appeared and made defense, it would be an abuse of the statute to allow the trustee to come in under it as an absent defendant, and litigate in her behalf the same questions over again. The statute allows the party to come in only on cause shown; and where this state of facts appears, it shows that there is no cause.

The order of the circuit court denying the motion is affirmed, with costs.

VOL. XIII—34

The same entry is to be made in the case of *Chas. G. Wil-liams, administrator and respondent, vs. Charles D. Mead, trustee and appellant,* which, by stipulation, was to abide the decision on this appeal.